## No. 9314.

### TOWN OF OAK CREEK *v.* WILEY.

TOWN—*Liability to Attorney.*  An attorney employed by the trustees of a town to defend an action against the municipality and the board of trustees, is entitled to recover of the town his reasonable fee in the premises.

*Error to Routt District Court, Hon. John T. Shumate, Judge.*

Mr. E. W. NORLIN, for plaintiff in error.

No appearance for defendant in error.

Chief Justice White delivered the opinion of the court.

WILEY is an attorney at law and recovered a judgment against the Town of Oak Creek, a municipal corporation, for the value of professional services which he claimed to have rendered it under a contract of employment.  A suit in equity had been commenced in the District Court, wherein certain taxpayers were plaintiffs, and the municipality, its trustees and others were defendants.  The purpose of that suit was "to have a receiver, with the powers of a referee," appointed for the municipality, and thereby "to preserve its funds and property and prevent the further waste and squandering and dissipation" of the same through alleged mismanagement by its trustees; and "that the said defendants, and each of them, their agents, employees, servants, attorneys and all other persons acting by, through or under them or any of them, be enjoined and commanded from interfering with such receiver or referee, and to turn over to said referee all matters and things belonging to said town, and that they be restrained and enjoined from paying any debts, save under the orders of the court"; and that a judgment be entered in favor of the plaintiffs, for the use of the municipality, against the individual defendants, for any and all sums found due and owing by them to the municipality, and for costs, together with full equitable relief in the premises.  Upon service of the summons and copy of complaint, a meeting of the

board of trustees of the municipality was called and held. At this meeting a resolution was passed, by a majority vote of its trustees, whereby the town attorney was "empowered and directed to appear for the Town of Oak Creek, its board of trustees, its employees, and agents, and properly present to the court  *  *  *  answer to the summons and complaint," and that "W. B. Wiley and A. A. Mann be employed to assist the town attorney in the defense of said cause," and that the town attorney notify Mr. Wiley and Mr. Mann of the fact of employment. This was done and the three attorneys represented the defendants in the litigation. The instant case is for the reasonable value of the services rendered by Wiley in that cause, and it was stipulated that such claim "is against the said Town of Oak Creek only," and that the amount claimed for the services rendered and expenses incurred "are reasonable" if under the facts the municipality is liable therefor. The issues were found in favor of Wiley and judgment was entered accordingly. We are quite certain that this was correct. The application for *supersedeas* is, therefore, denied and the judgment affirmed.

*Judgment Affirmed.*

Decision *en banc.*